PUERTO RICO LABOR RELATIONS BOARD, ETC., Petitioner, *v.* PRESBYTERIAN HOSPITAL, INC., Respondent.

No. JRT-66-11.     Decided October 9, 1968.

*Juan B. Fernández Badillo, Solicitor General, J. F. Rodríguez Rivera, Acting Solicitor General, Luis M. Rivera Pérez, Marta Ramírez Vera,* and *Celia Canales González* for petitioner. *R. Rodríguez Lebrón* for Presbyterian Hospital, Inc.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE RIGAU delivered the opinion of the Court.

The collective bargaining agreement entered into by the Presbyterian Hospital and the United Steelworkers of America, AFL-CIO, Local Union 6455, in force at the time of the occurrence, provided in paragraph F of its Art. VII the following:

"F. *Periods of Rest:*

1—Every employee shall be granted a period of rest of fifteen (15) minutes in the first half of the employee's shift.

2—Such periods of rest shall be assigned during the second and third hours of the shift assigned to the employee."

On January 25, 1965, the local representative of the Union, Obdulio Cancel, wrote to Myriam G. Calderín, Personnel Officer of the Hospital, the following letter:

"After receiving several complaints and carrying out an investigation on all the floors with the nurses in charge of Nurse Aides (assistant nurses and orderlies), we have found that during the effectiveness of the present Collective Bargaining Agreement, Article VII, Paragraph F, Periods of Rest, has been violated with this group of workers.

"Therefore, we hope that this Article be complied with and those fifteen (15) minutes be paid in money retroactively as soon as possible.

"You will find enclosed a list signed by affected employees."

The Union and the employer did not come to an agreement and on March 10, 1966 the Union filed a written complaint stating the following:

"Ever since the Collective Bargaining Agreement in force was signed (June 4, 1964) and until recently, the 15-minute period of rest in each shift has not been granted to the nurse aides and orderlies or attendants.

"This is a violation to Article VII, Paragraph F, entitled 'Periods of Rest' of the Collective Bargaining Agreement in force.

"The Union requests that each one of the employees thus affected be paid for this period of rest during which they have rendered services for the hospital, from June 6, 1964, until the date the management might have granted them, or may grant them. The payment shall be on the basis of fifteen minutes for each period during which rest has not been enjoyed, computed at the regular rate earned by the employee."

Again, no agreement was reached on the matter between the parties and the Union requested that the same be submitted to arbitration. It was so done, pursuant to Art. VI of the Bargaining Agreement. Said article provides, among other things, that "The decision of the Arbitrator shall be final and binding on both parties."

On May 4, 1966, the arbitration hearing was held, where the Union and the Hospital submitted to the arbitrator, Mr. José Orlando Grau, the following submission agreement:

"The arbitrator shall determine FIRST: whether the collective bargaining agreement entered on June 9, 1964 compels the employer to pay to nurse aides, orderlies, and attendants for the periods of rest not enjoyed. SECOND: whether there were any employees within the classifications mentioned who did not actually enjoy the period of rest. THIRD: which would be the compensation which the nurse aides, orderlies, and attendants would be entitled to receive if the arbitrator should decide affirmatively the two preceding questions."

In his award the arbitrator, after a recital of the facts, decided:

"1.—The employer is bound to compensate the nurses, orderlies, and attendants for the periods of rest not enjoyed by them.
2.—There were employees within the classifications mentioned in the preceding sentence who did not enjoy the period of rest.
3.—The employees mentioned in the preceding sentence are entitled to a compensation equal to a quarter of an hour (¼) for each day during which they did not enjoy the period of rest in the manner provided in the collective bargaining agreement."

When the Hospital refused to obey the arbitrator's award, the Board resorted to this Court requesting us to order respondent to comply therewith. 29 L.P.R.A. § 70(2) (c).

Respondent's position is that the award is void because "(1) It was rendered in excess of authority or jurisdiction, and (2) because it does not decide definitively all the questions in controversy which were submitted." It argues that the lack of jurisdiction or excess of authority charged against the award is based on the fact that the arbitrator furnished "an inappropriate and extraneous provision" in deciding that the employer should pay for the periods of rest ordered by the agreement and not granted by the employer to the employees. On the other hand, it argues that the award

did not decide all the controversies submitted to the arbitrator.

It suffices to reexamine the submission agreement and the award to see that respondent's two contentions are frivolous. The arbitrator was requested, through the submission agreement, to determine FIRST, whether the bargaining agreement compelled the employer to pay to nurse aides, orderlies, and attendants for the periods of rest not enjoyed by them. To this first question the arbitrator answered affirmatively in his award. See paragraph number 1 of the award, aforecited. Nothing "inappropriate" nor "extraneous" was inserted by the arbitrator. He merely answered clearly what was asked him on that particular.

The SECOND question raised in the submission agreement was whether there were employees who did not enjoy the period of rest, in accordance with the provisions of the collective bargaining agreement. That question was also answered affirmatively by the arbitrator in his award. See paragraph number 2 of the award, aforecited.

The THIRD question submitted to the arbitrator was to determine which was the compensation to be paid to the nurse aides, orderlies, and attendants if the arbitrator should decide affirmatively the two preceding questions. That question was also decided by the arbitrator in a clear and specific manner. See paragraph number 3 of the award, aforecited.

The employer seeks to challenge the award for insufficiency because the arbitrator did not say *which employees* did not enjoy the period of rest. He did not say it because he was not asked. See the submission agreement, aforecited. If he would have said it without being asked the employer would surely be arguing that the arbitrator acted "in excess of authority or jurisdiction" for that reason.

The respondent has sought to undo in the courts what was validly arbitrated. Its position is untenable. *L.R.B.* v. *Sindicato Obreros Unidos*, 92 P.R.R. 57 (1965); *L.R.B.* v.

*Executive House, Inc.,* 91 P.R.R. 775 (1965); *López* v. *Destilería Serrallés,* 90 P.R.R. 241 (1964); *L.R.B.* v. *Caribbean Container Co.,* 89 P.R.R. 726 (1964); *Pérez* v. *Water Resources Authority,* 87 P.R.R. 110 (1963); *Rivera* v. *Land Authority,* 83 P.R.R. 251 (1961); *L.R.B.* v. *N.Y. & P.R. S.S. Co.,* 69 P.R.R. 730 (1949).

For the reasons stated judgment will be rendered (1) enforcing the award issued by the arbitrator and (2) ordering respondent to obey said award and to pay to nurse aides, orderlies, and attendants involved herein the corresponding amounts in conformance with the collective bargaining agreement in force at the time of the occurrence and with the decision of the award.